## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FRED E. WERNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: |
| ) | |
| CITY OF ST. PETERS, JASON GRAY, ) | |
| PAUL YADLOSKY, and ) | |
| CITY OF ST. CHARLES ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

FRED E. WERNER, by and through his attorneys, bring this action against CITY OF ST. PETERS, JASON GRAY, CITY OF ST. CHARLES and PAUL YADLOSKY, (individually and collectively herein, "Defendants"), alleging as follows:

### INTRODUCTION

1. Plaintiff seeks redress, *inter alia*, for violations of his constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, and negligence, that resulted in severe injuries to Plaintiff.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff Fred E. Werner ("Werner") is a resident of St. Peters, Missouri.

3. At all times relevant, Jason Gray ("Gray") was a police officer for the City of St. Peters and is liable for conduct alleged herein. All counts are against Officer Gray as an individual as well as in his official capacity.

1

4. Defendant City of St. Peters is a municipal corporation in the State of Missouri and is liable for the damages caused by the acts and omissions of its Police Department and its police officers including Officer Gray, as alleged herein, and for events giving rise to Plaintiffs' claims which occurred in the City of St. Charles, Missouri

5. At all times relevant, Paul Yadlosky ("Yadlosky") was a police officer for the City of St. Charles, and is liable for conduct alleged herein. All counts are against Officer Yadlosky as an individual as well as in his official capacity.

6. Defendant City of St. Charles is a municipal corporation in the State of Missouri and is liable for the damages caused by the acts and omissions of its Police Department and its police officers including Officer Yadlosky, as alleged herein, and for events giving rise to Plaintiffs' claims which occurred in the City of St. Charles, Missouri

7. The Court has jurisdiction over Plaintiffs' claims, *inter alia*, pursuant to 28 U.S.C. § 1331 because the actions arise under the U.S. Constitution.

8. The Court has jurisdiction over the state-law claim under 28 U.S.C §1367(a) because those claims are so related to the federal claim that they form part of the same case or controversy, and arise out of the same common nucleus of operative facts.

9. Venue is proper in this District under 28 U.S.C § 1391(b) because one or more Defendants reside in this judicial District, and a substantial part of the events giving rise to Plaintiffs' claims arose in this District.

**FACTUAL ALLEGATIONS**

10. On October 19, 2007, Defendants Gray and Yadlosky confronted Plaintiff at Timothy's Irish Pub at 2556 Raymond Drive in St. Charles, Missouri.

11. Defendants Gray and Yadlosky entered the pub from the rear entrance and approached Plaintiff inside the pub.

12. Instead of explaining the nature of their presence, defendants instructed Plaintiff to go with them outside. When Plaintiff would not go outside, defendants Gray and Yadlosky wrongfully and unreasonably assaulted the Plaintiff, including by the use of tasers.

13. Plaintiff incurred various resulting damages, including without limitation, personal injuries, medical expenses, pain and suffering and other damages.

14. The St. Charles and St. Peters Police Departments have a pattern and practice permitting officers to engage in unlawful excessive force and behavior, including in some circumstances, without consequence.

15. As a direct and proximate result of such conduct and as stated below, Plaintiffs have been damaged.

## CAUSES OF ACTION

16. Each count is alleged to the extent required or allowed by law in the alternative.

### COUNT I – 42 U.S.C. §1983 and UNITED STATES CONSTITUTION AGAINST POLICE OFFICER JASON GRAY

17. Plaintiffs re-allege previous paragraphs of this Complaint as though restated herein.

18. On October 19, 2007, Defendant assaulted Plaintiff without provocation. This action violates Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

19. Officer Gray assaulted Plaintiff without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the ordinary course and scope of his employment.

20. As a direct and proximate result of such conduct, Plaintiff has been damaged, and have been deprived of their constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution to the United States and protected under 42 U.S.C. § 1983.

### COUNT II – 42 U.S.C. § 1983 ( "Monell" Claim)
### AGAINST CITY OF ST. PETERS

21. Plaintiff re-alleges previous paragraphs of this Complaint as though restated herein.

22. Plaintiff brings Count II against the City of St. Peters.

23. Acting under color of law and pursuant to official policy, custom or widespread practice, the City of St. Peters and its supervisors knowingly, recklessly or with deliberate indifference and callous disregard of Plaintiffs' rights, failed to instruct, supervise, control or discipline, on a regular and continuing basis, police officers in their duties to refrain from unlawfully and injuring and damaging persons such as Plaintiff and using excessive and/or unwarranted force against such persons that pose no immediate danger.

24. Defendant City of St. Peters had specific knowledge of said policy, custom or practice and exhibited a deliberate indifference to the unreasonable risk of damage or loss, which said policy, custom or practice posed.

25. The City of St. Peters and its supervisors had an affirmative duty to prevent, or aid in preventing, the commission of such wrongs. Instead, Defendants knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiffs' rights failed and refused to do so.

26. The City of St. Peters and its supervisors directly or indirectly, under color of law approved or ratified the unlawful, deliberate, malicious, reckless, or wanton conduct of its police officers as described above.

27. As a direct and proximate result of such conduct, Plaintiffs have been damaged in various respects, all attributable to the deprivation of their constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. § 1983.

## COUNT III – EXCESSIVE FORCE 42 U.S.C. § 1983
## AGAINST POLICE OFFICER JASON GRAY

28. Plaintiff re-alleges the previous paragraphs of this Complaint as though restated herein.

29. Plaintiff brings Count III against Officer Gray.

30. Acting under color of law and in his official capacity as a law enforcement officer, Officer Gray used excessive force than was reasonably necessary under the circumstances against Plaintiff, which endangered and damaged Plaintiff.

31. As a direct and proximate result of such conduct, Plaintiff has been damaged in various respects, all attributable to the deprivation of their constitutional and statutory rights guaranteed by the Fourth Amendment of the Constitution of the United States and protected under 42 U.S.C. § 1983.

## COUNT IV – NEGLIGENCE
## AGAINST POLICE OFFICER JASON GRAY

32. Plaintiff re-alleges previous paragraphs of this Complaint as though restated herein.

33. Plaintiffs bring Count IV against Officer Gray.

34. Officer Gray had a duty to Plaintiff to employ a reasonable amount of care and skill as is ordinarily possessed by members of law enforcement.

35. Officer Gray knew or should have known that assaulting a person that is posing no threat to any person around him is not an acceptable police practice.

36. Officer Gray knew or should have known that assaulting a person in this manner would cause him to suffer great bodily injury or die, and would cause Plaintiff damages.

37. The act of Officer Gray in assaulting Plaintiff was negligent and breached his duty to adhere to the standard of care.

38. The above-described actions demonstrate a deliberate intention to harm, or utter indifference to Plaintiff.

39. The acts and omissions of the officer were the direct and proximate cause of Plaintiff's severe injuries.

40. As a direct and proximate result of such conduct, Plaintiff has been damaged.

## COUNT V – 42 U.S.C. §1983 and UNITED STATES CONSTITUTION
## AGAINST POLICE OFFICER PAUL YADLOSKY

41. Plaintiffs re-allege previous paragraphs of this Complaint as though restated herein.

42. On October 19, 2007, Defendant assaulted Plaintiff without provocation. This action violates Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

43. Officer Yadlosky assaulted Plaintiff without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the ordinary course and scope of his employment.

44. As a direct and proximate result of such conduct, Plaintiff has been damaged, and have been deprived of their constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution to the United States and protected under 42 U.S.C. § 1983.

## COUNT VI – 42 U.S.C. § 1983 ( "Monell" Claim) AGAINST CITY OF ST. CHARLES

45. Plaintiff re-alleges previous paragraphs of this Complaint as though restated herein.

46. Plaintiff brings Count VI against the City of St. Charles.

47. Acting under color of law and pursuant to official policy, custom or widespread practice, the City of St. Charles and its supervisors knowingly, recklessly or with deliberate indifference and callous disregard of Plaintiffs' rights, failed to instruct, supervise, control or discipline, on a regular and continuing basis, police officers in their duties to refrain from unlawfully and injuring and damaging persons such as Plaintiff and using excessive and/or unwarranted force against such persons that pose no immediate danger.

48. Defendant City of St. Charles had specific knowledge of said policy, custom or practice and exhibited a deliberate indifference to the unreasonable risk of damage or loss, which said policy, custom or practice posed.

49. The City of St. Charles and its supervisors had an affirmative duty to prevent, or aid in preventing, the commission of such wrongs. Instead, Defendants knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiffs' rights failed and refused to do so.

50. The City of St. Charles and its supervisors directly or indirectly, under color of law approved or ratified the unlawful, deliberate, malicious, reckless, or wanton conduct of its police officers as described above.

51. As a direct and proximate result of such conduct, Plaintiffs have been damaged in various respects, all attributable to the deprivation of their constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. § 1983.

### COUNT VII – EXCESSIVE FORCE 42 U.S.C. § 1983 AGAINST POLICE OFFICER PAUL YADLOSKY

52. Plaintiff re-alleges the previous paragraphs of this Complaint as though restated herein.

53. Plaintiff brings Count VII against Officer Yadlosky.

54. Acting under color of law and in his official capacity as a law enforcement officer, Officer Yadlosky used excessive force than was reasonably necessary under the circumstances against Plaintiff, which endangered and damaged Plaintiff.

55. As a direct and proximate result of such conduct, Plaintiff has been

damaged in various respects, all attributable to the deprivation of their constitutional and statutory rights guaranteed by the Fourth Amendment of the Constitution of the United States and protected under 42 U.S.C. § 1983.

## COUNT VIII – NEGLIGENCE
## AGAINST POLICE OFFICER PAUL YADLOSKY

56. Plaintiff re-alleges previous paragraphs of this Complaint as though restated herein.

57. Plaintiffs bring Count VIII against Officer Yadlosky.

58. Officer Yadlosky had a duty to Plaintiff to employ a reasonable amount of care and skill as is ordinarily possessed by members of law enforcement.

59. Officer Yadlosky knew or should have known that assaulting a person that is posing no threat to any person around him is not an acceptable police practice.

60. Officer Yadlosky knew or should have known that assaulting a person in this manner would cause great bodily injury and would cause Plaintiff damages.

61. The act of Officer Yadlosky in assaulting Plaintiff was negligent and breached his duty to adhere to the standard of care.

62. The above-described actions demonstrate a deliberate intention to harm, or utter indifference to Plaintiff.

63. The acts and omissions of the officer were the direct and proximate cause of Plaintiffs' severe injuries.

64. As a direct and proximate result of such conduct, Plaintiff has been damaged.

**Plaintiff demands a trial by jury on all matters so triable.**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows: find that Defendants are in violation of the applicable law as stated; award all economic, non-economic and punitive damages as permitted by law; award costs and attorney fees as permitted; and provide such other relief as may be awarded by the Court.

Respectfully submitted,

SCHLUETER, MANDEL & MANDEL, LLP

By: /s/ Alan S. Mandel
Alan S. Mandel, #127085
1108 Olive Street, Fifth Floor
St. Louis, MO 63101
PH: (314) 621-1701
FX: (314) 621-4800
dsmm001@aol.com